UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIPE DEMAR ROZIER BEY,<br><br>                         Plaintiff,<br><br>-against-<br><br>CHARLES, III, ET AL.,<br><br>                         Defendants. | 25-CV-0341 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in DeKalb County, Georgia, brings this action *pro se*. He alleges that his claims arose in 1982, in the State of Georgia. Plaintiff sues the Governor of the State of Georgia, the President of the United States, the Church of England, and others. For the following reasons, this action is transferred to the United States District Court for the Northern District of Georgia.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff's allegations are difficult to decipher. He seeks, among other things, to have "land located at 6395 Tahoe Dr. [C]ollege Park Georgia be return[ed] to" him. (ECF 1 at 6.)

Venue of Plaintiff's claims is not proper in this district under Section 1391(b)(1) based on the residence of Defendants because all defendants do not reside in New York.

Plaintiff alleges that his claims arose in Georgia, and he refers to property in College Park, in Fulton County, Georgia. Fulton County is in the Northern District of Georgia. 28 U.S.C. § 90. Because Plaintiff alleges that his claims arose outside this district, venue of Plaintiff's claims also does not appear to be proper in this district under Section 1391(b)(2) based on the place where the events occurred.

Venue does lie in the Northern District of Georgia, where Plaintiff resides and his claims arose. 28 U.S.C. § 1391(b)(2). Accordingly, in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of Georgia, Atlanta Division. 28 U.S.C. §§ 1404, 1406.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia, Atlanta Division. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in this district.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 22, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge